*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
GASTON, GERRITY, and STEWART
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Tyler J. MIRRA**
Damage Controlman Fireman Apprentice (E-2), U.S. Navy
*Appellant*

**No. 202000062**

Decided: 30 April 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Michael J. Luken

Sentence adjudged 25 November 2019 by a special court-martial convened at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for 5 months, reduction to E-1, and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander Erin L. Alexander, JAGC, USN*

For Appellee:
*Lieutenant Joshua C. Fiveson, JAGC, USN*
*Lieutenant Gregory A. Rustico, JAGC, USN*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Uniform Code of Military Justice arts. 59, 66, 10 U.S.C. §§ 859, 866.

However, Appellant's request for deferment of the adjudged reduction and automatic forfeitures was summarily denied by the convening authority without stating the basis for doing so. "When a convening authority acts on an accused's request for deferment of all or part of an adjudged sentence, the action must be in writing (with a copy provided to the accused) and must include the reasons upon which the action is based."[1] Accordingly, the failure to state in writing the basis for the denial of a deferment request constitutes error.[2] We review the denial of a request for deferment for an abuse of discretion.[3] However, when a convening authority does not state a reason for its action, we are left unable to assess any abuse of discretion since "the basis for the exercise of that discretion is unknown."[4] Therefore, "we must independently review the facts of this case and determine whether deferment was appropriate, and if it was, what remedy should follow."[5]

Our analysis of the factors enumerated in R.C.M. 1103(d)(2) convinces us that it was appropriate to deny the deferral request. Appellant's crimes involve desertion for over seven months terminated by Appellant's apprehension by law enforcement and an assault consummated by a battery in which

---

[1] *United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992).

[2] *Id.*

[3] *United States v. Brownd*, 6 M.J. 338, 340 (C.M.A. 1979).

[4] *Sloan*, 35 M.J. at 6.

[5] *United States v Phillips*, No. 200400865, 2006 CCA LEXIS 61 at *28-29 (N-M. Ct. Crim. App. Mar. 16, 2006) (unpublished).

Appellant placed his hands upon the neck of a female victim. These offenses and the facts underlying them are serious, and he was sentenced to five months' confinement, reduction to E-1, and a bad-conduct discharge. Under R.C.M. 1103(d)(2), Appellant has the burden of showing that the interests of Appellant and the community in deferral outweigh the community's interest in imposition of the punishment on the effective date. In balancing the asserted interests of Appellant—to help him financially so that he could pay for his car—against the seriousness of the crimes and the sentence, we find Appellant did not meet his burden. It was therefore appropriate for the convening authority to deny the deferment request. Accordingly, we conclude that Appellant did not suffer any prejudice from the convening authority not articulating in writing the specific reasons for his denial.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court